Foster, P. J.
(dissenting). It is undisputed in the present case that on June 8,1935, a decision was made disallowing claimant’s claim for compensation on the ground that there was no causal relationship. This decision was reached after several hearings were held at which all parties in interest were present. It was, of course, a decision on the merits. On January 24,1948, some thirteen years later, the board assumed jurisdiction to reopen the claim against the Fund for Beopened Cases under section 25-a of the Workmen’s Compensation Law.
In construing section 25-a we need to be concerned only with that part of the first paragraph of section 1 designated (1). Paragraphs (2) and (3) obviously do not apply to this case. Paragraph (1) provides “ after a lapse of seven years from the «.late of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed *58 of without an award of compensation * * * ” the case may be reopened and an award made against the fund. This language is very broad and general, and covers any claim arising more than seven years after the date of injury where no award has been made. So if there were no limitations in the statute this general language would control and the Special Fund would be subject to a claim in all cases where more than seven years had elapsed from the date of injury and no previous award had been made. However, there is a limitation expressed in section 25-a itself in the same paragraph quoted from in these words: “ subject to the provisions of section one hundred and twenty-three of this chapter ”.
Section 123 says: “ * * * no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death * * * ”. (Emphasis supplied.) This language of limitation applies to but two classes of cases (1) where there has been a trial on the merits and the claim is disallowed, (2) where an opportunity to be heard has been given and no determination has been made on the merits. Cases where the claim has been disallowed without a trial on the merits, or where no notice has been given and no determination has been made on the merits, do not fall within the limitation of section 123 and may be reopened against the Special Fund after a lapse of seven years and within eighteen years.
A major assumption in the majority opinion, so it seems to me, is that the Legislature did not mean what it said when it used the expression “ on the merits ”. I am not prepared to agree with this assumption. The real merits of any compensation claim rest in the issue of whether a workman has sustained accidental injuries arising out of and in the course of his employment. All other issues are technical and procedural, and it is quite conceivable that an award may be disallowed for reasons that do not go directly to the merits.
The argument that a construction giving effect to the plain language of the statute would be contrary to the spirit and purpose of the Workmen’s Compensation Law is merely soporific. There are sound reasons for applying the limitations as written. Certainly one trial on the merits ought to be enough after seven years have elapsed. Nor should a claimant who has had notice *59 and does not appear be permitted to reopen his claim seven years later.
As to the argument that the first sentence of section 123 was meant to apply only to employers and carriers, the simple answer is that there was no necessity for such a limitation in their favor. They are out after seven years by section 25-a, and would be if section 123 was not in existence. Not so, however, with the Special Fund. This fund would be in every case where a claim is made after seven years and before eighteen years have elapsed unless section 123 is applied.
The award should be reversed and the claim dismissed.
Heffernan and Santry, JJ., concur with Bbegan, J.; Foster, P. J., dissents, in an opinion, in which Deyo, J., concurs.
Decision affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 1046.]